**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, formerly known as Metropolitan Direct Property and Casualty Insurance Company, | No. 23-3320 |
| | D.C. No. 2:21-cv-08807-RGK-JEM |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| DENNIS PEREZ, | |
| Defendant, | |
| VICTOR MONTEZ; LISA MONTEZ, | |
| Intervenor-Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 7, 2024
Pasadena, California

Before: CALLAHAN, WALLACH,[**] and DE ALBA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

Farmers Direct Property and Casualty Insurance Company ("Farmers Direct") appeals the district court's Order granting the Motion to Set Aside Default Judgment filed by Victor Montez and Lisa Montez (collectively, the "Montezes"), as well as vacating a prior default judgment against Dennis Perez ("Perez"). We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand to the district court for further proceedings.[1]

Farmers Direct argues that the Montezes were improperly joined as intervenors to its declaratory judgment action against Perez.[2] We review for abuse of discretion the district court's determination on whether parties are either "required" or "indispensable" under Federal Rule of Civil Procedure ("Rule") 19. *Bakia v. Los Angeles Cnty. of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982) (per curiam). "Rule 19 gives a trial court considerable discretion and requires that several conflicting interests be balanced on a case-by-case basis." *Id.* The district court failed to analyze whether the Montezes were "required" parties under Rule 19(a), and if so, then "indispensable" parties under Rule 19(b). *See Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir. 1983) (noting that joinder under Rule 19 is a two-step inquiry); *see also Bakia*, 687 F.2d at 301

---

[1]     In a concurrently filed opinion, we address Farmers Direct's contention that the district court applied the wrong legal standard when concluding that it did not have subject matter jurisdiction over this case. As to that issue, we reverse.

[2]     Because the parties are familiar with the facts, we do not recount them here.

("Rule 19(b) considerations come into play only after analysis of the factors in Rule 19(a).").

We "can best review an alleged abuse of discretion when the record, supported by findings and reasoning, shows that discretion has indeed been exercised." *Bakia*, 687 F.2d at 302. "On this record, the decision of the district court cannot adequately be reviewed[,]" because there is no "comprehensive statement of the facts and reasons upon which the decision is based." *Id.* at 301–02. "We do not have the benefit of the trial judge's evaluation" here. *Id.* at 301. Because the district court did not perform the necessary analysis even when Farmers Direct opposed joinder, we vacate and remand for further proceedings, including but not limited to, allowing "for a statement of reasons for whatever ruling the district court may make." *Id.* at 302.

**VACATED AND REMANDED.**